# United States District Court
## District of New Mexico

## Document Verification

**Case Title:** McGuinn-Parks v. USA
**Case Number:** 03cv00622   cr 01-1139 JC
**Office:**

### Document Information

**Number:** 10

**Description:** PROPOSED FINDINGS AND RECOMMENDED DISPOSITION recommending movant's motion for an extention of time [8-1] be denied as moot; movant's 2255 motion be granted; movant be resentenced before Judge Conway as further described herein (cc: all counsel*)

**Size:** 9 pages (28k)

**Date Received:** 09/27/2003   01:25:56 PM   **Date Filed:** 09/27/2003   **Date Entered On Docket:** 09/29/2003

### Court Digital Signature                                    View History

89 04 c5 6d ba 3a 00 c6 a3 17 28 7b 0d 95 db e2 dc e8 48 fa fb 74 e2 67 dc 1c 66 9b d3 e8 5e 5f 99 31 f5 8a 28 54 14 e7 47 84 b0 9d 2e 6d 76 dd d1 3f 4a 9d 99 d4 fe 0f df 08 ad bc 01 49 1b a3 0b a8 29 cc f0 ac 5a fa f5 9d 86 fb de 50 09 3b ba 86 32 70 b4 85 f0 97 21 0d aa 12 15 ca 06 cf c7 c7 af 44 d0 92 4d df f5 71 a1 ba a1 47 f7 cb a7 e5 9e 66 a4 f9 4f 16 fd 91 c8 bf 70 d7 2b a9

### Filer Information

**Submitted By:** Karen B. Molzen

**Comments:** RECOMMENDED FINDING by Magistrate Judge Karen B. Molzen that Defendant's motion for an extension to file a "traverse" (Doc. 8) be denied as moot; the § 2255 motion be granted; Defendant be resentenced before Judge Conway; Counsel be appointed to represent Defendant in the resentencing proceedings; and any further issues with respect to the appropriate Guideline calculations be addressed by new counsel at resentencing before Judge Conway.

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Monday, September 29, 2003*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

CORY PARKS,[1]

    Defendant-Movant

CIV 03-622 JC/KBM
CR 01-1139 JC

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the court on Cory Park's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Having considered the arguments and relevant law, I find one issue dispositive and recommend that the § 2255 petition be granted and Parks be resentenced.

### I. Factual & Procedural Background

In November 2000, the police arrested Nadine Gutierrez and charged her with distributing crack cocaine. She, in turn, cooperated and assisted the police by buying drugs while they accompanied her undercover. On December 12, 2000, she called Park's co-defendant Chris Griego and arranged a delivery. Because Griego was unable to deliver the drugs himself, he asked Parks to do so. Defendant then delivered a small quantity of crack cocaine to Gutierrez in exchange for money. *See, e.g., United States v. Parks,* CR 01-1139 JC, Jury Trial, Vol. 1, at 103

---

[1] Petitioner uses the name Cory H. McGuinn-Parks on his pleadings. I use the name as it is spelled in the criminal record. *See United States v. Parks,* CR 01-1139 JC; *see also id.,* Jury Trial, Vol. 1 at 113.

- 106 (hereinafter "*Trial Transcript*"). In August 2001, Parks and Griego were charged by federal indictment with distributing "less than 5 grams" of crack cocaine and conspiracy to do the same for the single incident that transpired on December 12, 2000. *See United States v. Parks*, CR 01-1139 JC (*Doc. 1*).

The United States immediately offered Parks a plea bargain, which was "contingent on [Parks] debriefing with agents regarding the [charge] or . . . providing the government with a letter detailing [his] description of what occurred." *Doc. 1*, App. D (cover letter). The offer consisted of a plea to the distribution charge only, of "[a]t least two (2) but less than three (3) grams of cocaine base," for a base offense level of 20. *Id.* (proposed plea agreement, ¶ 7.a.). The United States also offered a three-level reduction from the base offense level for acceptance of responsibility provided that Parks gave "an appropriate oral statement to the United States Probation officer who prepares the presentence report." Id. (¶ 7.b.). The agreement also provided for a four-level reduction for being a "minimal participant." *Id.* (¶ 7.b.). It further would have recommended that Parks be sentenced to the low end of the applicable Guideline range. *Id.* (¶ 7.d.). The offer, however, was not an agreement for a specific sentence and advised Parks that sentencing was within the discretion of the Court. *Id.* (¶ 8.).

The plea offer was to expire on October 5, 2001. *Id.* (cover letter). On that day, Park's first attorney filed a motion to have the crack cocaine independently examined and weighed. She was concerned of potential error in weighing small quantities and that the DEA chemist may have rounded to the nearest tenth of a gram. *See United States v. Parks*, CR 01-1139 JC (*Doc. 23*). Counsel noted that the United States provided discovery that showed the DEA chemist found the cocaine to weigh 2.0 grams. *Id.* Counsel further noted that

2

> if the drugs involved weigh at least 2 grams but less than 3 grams, the base sentencing offense level under the Federal Sentencing Guidelines is a level 20, Guideline 2 D1.1(c)(10), but if the drugs involved weigh at least 1 gram but less than 2 grams, the base sentencing offense level under the Federal Sentencing Guidelines is a level 18, Guideline 2D1.1(c)(11). In practical terms, depending upon a defendant's criminal history level, this makes a difference of six or eight months incarceration. Therefore it is very important to the defendant whether the alleged cocaine base weighs 2.0 grams or 1.99 grams.

*Id.* After counsel filed the above motion to reweigh, plea negotiations continued.

Although he wanted to plea, Parks maintains that he was unwilling to implicate others in testimony or a debriefing. Defendant later wrote to the court explaining that he told his first attorney he feared jeopardizing his and his family's safety. *See Doc. 1,* App. G (objections to PSR at 7, and attached "acceptance" letter); *United States v. Parks,* CR 01-1139 JC. Sentencing Hearing at 4 (hereinafter "*Sentencing Transcript*"). The United States agreed that Defendant did not have to submit to a debriefing or testify and that a letter detailing what happened would suffice. *Id.* at 7. Counsel accordingly drafted a letter to the Assistant United States Attorney, which stated:

> On the afternoon of December 12, 2000, Mr. Parks received information from Chris Griego, whom he has known for a long time, that Nadine Gutierrez was seeking to obtain cocaine base. Mr. Parks cannot recall the exact logistics of how he received this information, whether in person, by telephone, or otherwise.
>
> Mr. Parks appeared at that location, without Mr. Griego, and delivered a small quantity of cocaine base to Ms. Gutierrez. The cocaine base delivered to Ms. Gutierrez did not belong to Mr. Griego.

*Doc. 1,* App. E.

There is no indication that this letter was sent, however. *See Sentencing Transcript* at 7-

3

8. According to Defendant, because this letter "implicates [Griego] in a conspiracy," *Doc. 1* at 2 (Claim 2), and because the written plea agreement he was presented for signature contained the "debriefing" requirement, *id.* at 4 (Claim 5), he refused to sign the agreement and "fired" his first attorney, *id; see also Sentencing Transcript,* at 4. A few days after Defendant refused to sign the agreement, his first attorney withdrew and a second attorney entered an appearance. *United States v. Parks,* CR 01-1139 JC (Doc. 27).

Represented by his second attorney, Defendant proceeded to trial on the theory of an unreliable identification of Defendant by the officers on the scene and by the addict informant, who had an evident incentive to turn someone in to the police. *See Trial Transcript* at 324-39. The jury convicted him of the only count sought by the United States at that time – the distribution count. *United States v. Parks,* CR 01-1139 JC *(Doc. 60)*. The Honorable John Edwards Conway sentenced Parks forty-one months imprisonment, at the lowest end of the applicable Guideline range, with a recommendation that he serve his sentence in a boot camp or intensive confinement when eligible. *Id. (Docs. 72, 84).*

## II. Analysis

### A. *§ 2255 Petition*

Defendant sets forth nine separately-numbered claims that each contain multiple subparts. They are repetitive and interrelated. Essentially, Parks argues that ineffective assistance of counsel and violations of due process warrant giving him a lighter sentence. I begin with the assertions that specifically relate to computation of the applicable Guideline range, since at least one of them is dispositive of this § 2255 petition.

Defendant argues that his second attorney was ineffective in failing to pursue the pending

4

motion for reweighing the drugs. The United States contends that an attorney is not ineffective in failing to pursue a motion for independent testing when there is no evidence to call the "'chemist's evaluation of the substance into question prior to or during the trial.'" *Doc. 7* at 4 (quoting *United States v. Bailey*, 1999 WL 143861 at *4 (10th Cir. 1999)). While I agree with this proposition of law, I do not agree with the United States' application of that proposition to the facts of Parks' particular case. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

The United States contends that counsel was not ineffective because the DEA Special Agent who initially secured the drugs corrected his grand jury testimony that the drugs weighed 1.7 grams by referring to the DEA chemist's report, which reported the weight at 2.0 grams. The government also argues that, at trial, the DEA chemist testified that the weight was 2.0 grams and counsel cross-examined her on the method used to determine the weight and did not object to her calculation. *See Doc. 7* at 4 & n.1.

However, there is no affidavit from counsel explaining a strategic reason for abandoning the pending motion. From my reading of the record, it is not clear that counsel was aware of the pending motion or its significance, and it appears that his cross-examination of the chemist on the issue of weight was perfunctory. *See Trial Transcript* at 209-13. Further, the record illustrates discrepancies about the weight of the crack cocaine. The DEA agent on the scene testified before the grand jury that when he weighed the drugs immediately after the transaction, they weighed 1.7 grams. He then corrected himself with the later lab report from the chemist and revised the weight to 2.0 grams. *See Doc. 1* (Appx. B). At trial, however, the agent testified that the weight

5

of the drugs was 2.3 grams based on two separate weighings. *See Trial Transcript* at 187-88. Counsel did not cross-examine the agent on this point or recall him as a witness. *See id.* at 190-98. This conflicting testimony illustrates the point of first counsel's original motion -- that "[w]eighing small quantities . . . of any substance is subject to potential errors." *Doc. 1* (App. A). On the basis of the record before me, I cannot conclude that counsel's failure to pursue the motion was reasonable.

Moreover, I cannot conclude that Defendant suffered no prejudice from counsel's failure. I will assume for the purposes of discussion that Defendant's criminal history category should remain a III and that he is not entitled to reductions for acceptance of responsibility or as a minimal participant (all of which he raises as claims of ineffectiveness or due process violations). As his first attorney argued, if the weight of the drugs is 2.0 grams or above, then his Guideline range would be 41 to 51 months, the range to which he was sentenced. If, however, the weight of the drugs is less than 2.0 grams, his Guideline range would be 33 to 41 months. *See Guideline* §§ 2D1.1(c)(10) (base level of 20 for "[a]t least 2 G but less than 3 G of Cocaine Base") (11/1/01 edition); *id.*, § 2D1.1(c)(11) (base level of 18 for "[a]t least 1 G but less than 2 G of Cocaine Base"); *id.*, Notes To Drug Quantity Table (D) ("'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."); *id.*, Sentencing Table (11/1/01 edition) (base level 20 = 41-51 months; base level 18 = 33-41 months). The difference between the low end of both ranges is eight months.

Based on the Supreme Court's decision in *Glover v. United States*, 531 U.S. 198 (2001) and subsequent Tenth Circuit opinions, a potential difference of eight months constitutes

6

prejudice. *See Glover,* 531 U.S. at 202 (United States conceded that a "6- to 21-month prison term increase" would constitute prejudice under *Strickland*); *United States v. Horey,* 33 F.3d 1185, 1188 (10th Cir. 2003) ("the Court [in Glover] noted that 'there is no obvious dividing line by which to measure how much longer a sentence must be for the increase to constitute substantial prejudice.' . . . 'the amount by which a defendant's sentence is increased by [counsel's] particular decision . . . cannot serve as a bar to a showing of prejudice'" quoting *Glover,* 531 U.S. at 203, 204; increase in applicable Guideline range minimum from 292 to 360 months established prejudice, § 2255 granted and resentencing ordered); *United States v. Wingo,* 41 Fed. Appx. 236, 239-40 (10th Cir. 2002) (7 to 13 month difference in potential sentence constituted prejudice and matter remanded for resentencing).

Although the Court and Tenth Circuit do not appear to have addressed the issue, the Second Circuit has held in a case similar to Parks' that the fact that the two ranges intersect is not determinative of whether the "result of the [sentencing proceeding] would have been different." *Strickland,* 466 U.S. at 694.

> It is no answer to say, as the district court did, that defendant could have received the same sentence of 151 months at either level. The question is whether, but for the lapse, is there a reasonable probability the sentence would have been the same. We think not. Based on the record on appeal, we think the 'reasonable probability' is that defendant's offense level would have been set at 30, and that he would have been sentenced to a period of incarceration less than 151 months. At sentencing, the district court commented favorably on petitioner and noted that he was giving him the 'minimum' allowed by the higher range. Under these circumstances, there is a reasonable probability that he would not have sentenced him to the same 151 month period which was at the very top of the appropriate lower range (i.e., 121-151 months).

*Johnson v. United States,* 313 F.3d 815, 818 (2nd Cir. 2002). Here, Judge Conway made plain his

7

discomfort at the necessity to impose the sentence he did for Parks.

### B. Motion For Extension To File "Traverse"

Defendant filed a motion for an extension to file a "traverse." *Doc. 8*. The pleading filed with the court is titled "unopposed," but says nothing about whether counsel opposes the motion. *See Doc. 8*. On the other hand, the copy received by the Court has a paragraph that recites the Assistant U.S. Attorney has no opposition. According to the United States' response, it originally did not oppose the motion but then advised Defendant it does oppose the motion on the ground that the Habeas Rules do not contemplate a traverse. *See Doc. 9*. I express no opinion on the merits of the argument, because the desire to file a traverse will likely be moot in light of my recommendations and because Defendant can raise objections to these proposed findings.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant's motion for an extension to file a "traverse" *(Doc. 8)* be denied as moot;

2. The § 2255 motion be granted;

3. Defendant be resentenced before Judge Conway;

4. Counsel be appointed to represent Defendant in the resentencing proceedings; and

5. Any further issues with respect to the appropriate Guideline calculations be addressed by new counsel at resentencing before Judge Conway.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A **party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and**

recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE